UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:24-cv-20228

AT LAW AND IN ADMIRALTY

VIVIAN RUIZ RONDON,

    Plaintiff

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

# COMPLAINT FOR DAMAGES

The Plaintiff, VIVIAN RUIZ RONDON (hereinafter "Plaintiff" or "RONDON"), hereby sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter as "Defendant" or "CARNIVAL") and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, VIVIAN RUIZ RONDON (hereinafter "RONDON"), is *sui juris* and is a resident of Miami, Florida.

3. **THE DEFENDANT**. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise line), is a citizen of the foreign nation of Panama, is incorporated outside of the state of Florida in the country of Panama, but does business in the State of Florida, and at all times material hereto

1

was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendants.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

   (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   (b) Had an office or agency in this state and/or county; and/or

   (c) Engaged in substantial activity within this state; and/or

   (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF THE INCIDENT.** The incident occurred on May 12, 2023.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel the *Carnival Celebration*, a ship in navigable water, while the Plaintiff was a passenger onboard. Accordingly, Plaintiff's claims are governed by general maritime law. Specifically, the Plaintiff's incident occurred on Deck 12, at or near an emergency exit doorway threshold on board the *Carnival Celebration*.

9. **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10. ***CARNIVAL CELEBRATION* AND THE DANGEROUS CONDITION.** CARNIVAL owns and operates 24 cruise ships including the *Carnival Celebration*. On each and every one of CARNIVAL's ships, there are fire doors located throughout the ship including in the passenger cabin hallways. In the passenger cabin hallways, there is a metal threshold in the doorway of the fire doors. The metal threshold is secured to the floor using and/or bolts. There is carpet on either side of the metal threshold. The carpet should be properly aligned with the metal threshold so that there are no gaps in the transition between the carpet and the threshold. However, when the metal threshold is not properly secured to the floor, this can create gaps between the carpet and the metal threshold.

11. CARNIVAL passengers walking on the threshold cause the screws and/or bolts in the threshold of the fire doorways to loosen. Further, the vibrations of the ship also cause the screws and/or bolts to loosen. The sources of vibration are due to the movement of the ship from being underway, the movement in the seas including roll, pitch and yaw and the ship's massive diesel engines which run constantly. Because of these issues, CARNIVAL knows that it is critical to inspect the thresholds in the fire doorways. In fact, on a daily basis, CARNIVAL crewmembers

walk in the passenger cabin hallways. CARNIVAL's crewmembers could have easily discovered the unsecured metal threshold in the fire doorway.

12. CARNIVAL crewmembers inspect and maintain the fire doorways in the cabin hallways including the fire doorway in the cabin hallway of Deck 12. Because people of all ages will be traversing the cabin hallways on board the *Carnival Celebration,* CARNIVAL must ensure the floors, including the doorway thresholds, are free from any tripping hazards like unsecured thresholds and/or loose bolts and/or screws and/or ensure that passengers are warned about any unsecured thresholds and/or loose bolts and/or screws including the unsecured fire doorway threshold in the cabin hallway on Deck 12. Unsecured doorway thresholds and/or loose bolts and/or screws including the fire doorway threshold in the cabin hallway on Deck 12 where passengers frequently walk through create a dangerous condition.

13. **DESCRIPTION OF THE INCIDENT.** CARNIVAL allowed the threshold of the fire doorway in the cabin hallway to become loose and allowed a large gap to exist between the carpet and the threshold on Deck 12 on board the *Carnival Celebration* on May 12, 2023. CARNIVAL failed to maintain, secure and/or properly install the threshold in the fire doorway. CARNIVAL also failed to properly mark this dangerous condition, cordon and/or block off the area. CARNIVAL also failed or timely post warning signs or warn its passengers of this dangerous condition.

14. As a direct result, RONDON tripped and fell while she was walking through the fire doorway in the passenger cabin hallway on Deck 12 on board the *Carnival Celebration* on May 12, 2023. RONDON was watching where she was walking. Despite that, the unexpectedly dangerous tripping hazard was not readily apparent. As RONDON was walking, her right sandal and foot got trapped in the large gap between the carpet and the metal of the loose open doorway

4

threshold causing RONDON to fall. As RONDON fell, her sandal stayed trapped in the gap between the carpet and the threshold. RONDON extended her right arm out in front of her to try to catch her fall. RONDON was unable to catch herself and instead fell forward onto her right arm and shoulder and hit her forehead on the ground. RONDON suffered and will continue to suffer severe, debilitating, and permanent injuries.

15. **DAMAGES.** As a result of CARNIVAL's negligence, the Plaintiff tripped, fell and sustained severe and permanent injuries, including but not limited to signs of concussion, dislocation of the right shoulder, closed fracture of the right humerus, right humeral head fracture, large complete right rotator cuff tear, traumatic tear of the right rotator cuff, large right joint and bursal accumulation, left rotator cuff tear, and right knee osteoarthritis. These injuries are permanent and significantly affect the life and abilities of RONDON. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment. RONDON has suffered these losses in the past and will continue to suffer them in the future. These injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

16. **NOTICE: PRIOR SIMILAR INCIDENTS.** Prior similar incidents show evidence that CARNIVAL had notice of the dangerous condition here. CARNIVAL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made

to guest services throughout its fleet; safety testing and/or inspections testing. Examples of prior similar incidents known to date include the following:

    a. On April 3, 2022, former passenger Patricia Marie Shideler was walking on Deck 4 of the *Carnival Vista*. Shideler tripped and fell due to a defective, damaged, and poorly maintained flooring transition. Shideler was seriously injured and filed suit as a result of this incident. *Patricia Marie Shideler v. Carnival Corporation, Case No. 1:23-cv-21235-DPG*. CARNIVAL also owns and operates the *Carnival Vista*.

    b. On September 30, 2014, former passenger Pauline Eckels fell due to a flooring transition or threshold on the deck of the *Carnival Fascination* near the onboard casino. Eckels was injured and filed suit as a result of this incident. *Pauline Eckels v. Carnival Corporation, Case No. 1:14-cv-23940*. CARNIVAL also owns and operates the *Carnival Fascination*.

    c. On March 10, 2022, former passenger Robert E. Tuite tripped and fell over a raised metal threshold abutting worn, sunken, and depressed carpeting on the floor of the dining area onboard the *Carnival Sunshine*. Tuite was seriously injured and filed suit as a result of this incident. *Robert E. Tuite v. Carnival Corporation, Case No. 1:23-cv-20614-JAL*. CARNIVAL also owns and operates the *Carnival Sunshine*.

17. **<u>NOTICE: CREWMEMBERS IN THE VICINITY.</u>** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that crew members cleaned the area at least once per day.

18. **NOTICE: ON-GOING, REPETITIVE PROBLEM.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that this is an on-going, repetitive problem. The screws and/or bolts regularly become loose.

19. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that the dangerous condition existed for an extended period of time. The threshold was not secured to the floor. The screws and/or bolts had to have become loose over time. This demonstrates that the dangerous condition existed for an extended period of time.

20. **NOTICE: POLICY AND PROCEDURES.** Additional evidence that CARNIVAL had notice of the dangerous condition here is shown by the fact that the cruise line has policies and procedures applicable to the subject area. CARNIVAL has policies regarding inspection, cleaning and/or maintenance of its common doorways and/or thresholds. CARNIVAL requires and trains crew members to warn passengers of any hazards and/or dangerous conditions including loose and/or unsecured thresholds. CARNIVAL specifically trains crew members to place written warning signs, markers and/or other indicators to warn passengers of hazardous and/or dangerous conditions including loose and/or unsecured thresholds in the doorways onboard their ships.  CARNIVAL knew or should have known that without verbal, written and/or visual warnings passengers may not be able to appreciate the irregularities of its doorways and/or thresholds.  CARNIVAL knew or should have known through the use of reasonable care that the irregularities of its common area doorways and/or thresholds are not open and obvious to its passengers.

21. **NOTICE: CARNIVAL'S GUEST ORIENTATION VIDEO.** Additionally, CARNIVAL knew or should have known about the dangerous condition because CARNIVAL

created passenger safety videos to warn passengers of potentially dangerous conditions on board their ships. CARNIVAL has been creating and playing these safety videos for passengers for years. One of the hazards identified by CARNIVAL are thresholds. CARNIVAL knows that the thresholds around their ships are dangerous and unfamiliar to guests. CARNIVAL has warned guests of the danger that their unique thresholds may pose danger. CARNIVAL has warned guests to watch their step when walking on board their ships due to the possibility of tripping, falling and being injured. Therefore, CARNIVAL knew or should have known that its shipboard thresholds are dangerous and can cause passengers to trip, fall and get injured.

22.     **NOTICE: VIOLATION OF INDUSTRY STANDARDS.** CARNIVAL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") CARNIVAL's walkways are escape routes that CARNIVAL must maintain in a safe condition. Upon information and belief, CARNIVAL, at all relevant times, was aware of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

## COUNT I
## NEGLIGENT MAINTAINANCE

23. The Plaintiff, RONDON, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22, above.

24. This is an action against CARNIVAL for its negligent failure to maintain the subject common doorway and/or walkway on Deck 12 onboard the *Carnival Celebration* in a safe manner.

25. **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers, including RONDON. CARNIVAL owes a duty as a common carrier to its passengers to maintain all areas of its ship. CARNIVAL's duty of care includes maintaining the common doorways and/or walkways on Deck 12 onboard the *Carnival Celebration* in a safe manner, including the subject area where RONDON tripped and fell on May 12, 2023.

26. CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 16-22 above and incorporated herein.

27. **CARNIVAL BREACHED ITS DUTY.** CARNIVAL breached its duty to maintain the subject common doorway and/or walkway located on Deck 12 onboard the Carnival Celebration on May 12, 2023, in a safe manner. CARNIVAL breached its duties to RONDON by its actions and conduct. CARNIVAL failed to maintain and inspect the common doorway and/or walkway where RONDON tripped and fell. CARNIVAL failed to maintain and inspect the threshold of the subject doorway. CARNIVAL's crewmembers failed to tighten, align, and/or otherwise secure the threshold on the doorway to the carpeted floor. CARNIVAL also failed to comply with applicable industry standards, statutes, and/or regulations.

28. **PROXIMATE CAUSE.** CARNIVAL's failure to maintain the threshold of the subject doorway located on Deck 12 onboard the *Carnival Celebration* in a safe manner,

proximately caused RONDONS' injuries. The Defendant's negligent maintenance allowed for the threshold on the subject doorway on Deck 12 to stay unsecure and/or loose for an extended period of time. Had CARNIVAL properly maintained and inspected the doorway's threshold located on Deck 12 onboard the *Carnival Celebration*, RONDON would never have tripped, fallen and been injured on *Carnival Celebration* on May 12, 2023.

29. **DAMAGES.** As a result of CARNIVAL's negligent maintenance, Plaintiff has and will suffer damages in the past and in the future as described in Paragraph 15 and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Carnival for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

30. The Plaintiff, RONDON, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 22, above.

31. This is an action against CARNIVAL for its negligent failure to warn passengers, including RONDON, of its hazards, risks or dangers onboard the *Carnival Celebration*.

32. **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty to warn of dangers

10

known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. CARNIVAL owes a duty of reasonable care under the circumstances. CARNIVAL's duty of care includes warning of dangerous conditions on board the *Carnival Celebration,* including the doorway threshold located on Deck 12 where RONDON tripped and fell on May 12, 2023.

33. RONDON had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 16-22 above and incorporated herein.

34. **CARNIVAL BREACHED ITS DUTY.** CARNIVAL breached its duty to warn RONDON of the dangerous conditions on board the *Carnival Celebration*, including where RONDON tripped and fell on May 12, 2023. CARNIVAL breached its duties to the Plaintiff by its actions and conduct. CARNIVAL, through its crew members, failed to reasonably and regularly provide verbal, written and/or visual warnings on or near the subject area where RONDON tripped and fell on May 12, 2023. CARNIVAL's crew members failed to cordon off or place physical barriers or otherwise to prevent access to the unsecure and/or loose doorway threshold. CARNIVAL's crew members failed to reasonably and regularly make audible announcements about the irregularities of the subject doorway's threshold. CARNIVAL also failed to comply with applicable industry standards, statutes, and/or regulations.

35. **PROXIMATE CAUSE.** CARNIVAL's failure to properly warn RONDON of the dangerous conditions on board the *Carnival Celebration*, including the subject doorway located on Deck 12 where RONDON tripped and fell on May 12, 2023, proximately caused the Plaintiff's injuries. Had CARNIVAL properly warned RONDON of the dangerous condition, RONDON would have been aware of the dangerous condition and never would have walked onto the unsecure and/or loose doorway threshold. RONDON therefore would never have tripped, fallen and been injured on board the *Carnival Celebration* on May 12, 2023.

36. **DAMAGES.** As a result of CARNIVAL's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in Paragraph 15 and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Carnival for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT TRAINING OF PERSONNEL

37. The Plaintiff, RONDON, hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 22, above.

38. This is an action against CARNIVAL for its negligent training of its shipboard crew members.

39. **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers. CARNIVAL owes a duty of reasonable care under the circumstances. CARNIVAL owes a duty as a common carrier to its passengers to train its crew members to properly inspect, maintain, and warn of dangers known to CARNIVAL where CARNIVAL invites or reasonably expects passengers to go. CARNIVAL's duty of care includes training its crew members to inspect, maintain, and warn passengers about dangerous conditions on board the *Carnival Celebration* including where RONDON tripped and fell on May 12, 2023.

40. CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 16-22 above and incorporated herein.

41. CARNIVAL should have become aware that it had failed to properly train its crew members given that the crew member(s) failed to inspect and maintain the subject area.

42. CARNIVAL should have become aware that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerous conditions on board the *Carnival Celebration* including where RONDON was injured on May 12, 2023.

43. **<u>CARNIVAL BREACHED ITS DUTIES.</u>** CARNIVAL breached its duty of care owed to RONDON and was negligent by failing to reasonably train its crewmembers to inspect, maintain and warn passengers of the dangerous conditions on board the *Carnival Celebration* including the subject area where RONDON tripped and fell on May 12, 2023. CARNIVAL failed to comply with industry standards regarding how to train its crew members to inspect and maintain the doorways and warn passengers of irregularities and the dangerousness of its doorway thresholds. CARNIVAL failed to ensure the implementation or operation of its training programs described in paragraph 23 and incorporated herein.

44. At the time RONDON tripped and fell on the subject doorway's threshold, the crew member that was responsible for warning, maintaining, and inspecting that area failed to do so. Because that crew member was not properly trained, that crew member failed to properly and adequately warn passengers, like RONDON, of the dangerous conditions on board the *Carnival Celebration* including the subject area where RONDON tripped and fell on May 12, 2023. Because that crew member was not properly trained, that crew member also failed to properly inspect and maintain the area.

45.     **PROXIMATE CAUSE.** CARNIVAL's failure to properly train its crew members proximately caused RONDONS' injuries. Had CARNIVAL properly trained its crew members to inspect, maintain, and warn passengers about the dangerous conditions on board the *Carnival Celebration,* including subject area where RONDON tripped and fell, the crewmember would have inspected, maintained, and warned RONDON about the dangerous condition. Had CARNIVAL properly trained its crew members, the dangerous condition would not have existed. Had CARNIVAL properly trained its crew members RONDON would have been aware of the dangerous condition. RONDON therefore would never have tripped, fallen, and been injured on May 12, 2023.

46.     **DAMAGES.** As a result of CARNIVAL's negligent training, Plaintiff has and will suffer damages in the past and in the future as described in Paragraph 15 and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Carnival for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS

47.     The Plaintiff, RONDON, hereby adopts and re-alleges each and every allegation in Paragraph 1 through 22, above.

48.     This is an action against CARNIVAL for its negligent design, construction and selection of the subject doorway and the threshold.

49.     **DUTIES OWED BY CARNIVAL.** CARNIVAL owes a duty to exercise reasonable care for the safety of its passengers. CARNIVAL owes a duty of reasonable care under the circumstances. CARNIVAL's duty to design, construct and select materials for all areas and features of its vessels, including the subject area, is part of CARNIVAL's duty of reasonable care under the circumstances. CARNIVAL had a duty to design the subject area including the doorway and threshold in a reasonably safe manner and in accordance with industry standards.

50.     CARNIVAL has all of its ships, including the *Carnival Celebration*, custom made to its own design and specifications. CARNIVAL participated in and/or approved of the design of the subject area including the subject doorway. CARNIVAL participated in and/or approved of the selection of the materials for the subject area including the subject doorway and threshold. CARNIVAL participated in and/or approved of the installation of the materials for the subject area including the subject doorway and threshold. CARNIVAL chose to install this same and/or similar doorways and thresholds throughout its fleet. CARNIVAL continues to repair, modify and/or install the same and/or similar doorways and thresholds on all its ships, including the *Carnival Celebration*. At all times material hereto CARNIVAL had the ultimate control over the design and construction of the *Carnival Celebration*. CARNIVAL had the right to inspect both the designs on paper and the design and construction at the yard. CARNIVAL had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Carnival Celebration* including the subject area and doorway and threshold. CARNIVAL had the right to reject any and all items, designs and construction. CARNIVAL holds the ultimate control under their contract with the yard to withhold payment if

15

an item or design is rejected or at issue and not resolved. CARNIVAL approved of the design, construction, and selection of materials of the subject area demonstrated by the fact that CARNIVAL has operated and maintained the ship continuously since on or about the year 2022.

51. CARNIVAL had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 16-22 above and incorporated herein.

52. CARNIVAL knew or should have known that the subject area including the doorway and threshold it chose and installed on Deck 12 on the *Carnival Celebration* was unreasonably dangerous.

53. CARNIVAL knew or should have known of the dangerousness of the doorway and threshold located on Deck 12 onboard the *Carnival Celebration* since their installation in 2021.

54. **CARNIVAL BREACHED ITS DUTY.** CARNIVAL breached its duty of care owed to RONDON and was negligent by approving, designing, constructing, and/or selecting the doorway and threshold located on Deck 12 onboard the *Carnival Celebration*. CARNIVAL failed to design, construct, select and/or approve materials that complied with industry standards. The design and/or materials CARNIVAL approved, selected and/or used to construct the doorway and thresholod on Deck 12 onboard the *Carnival Celebration* were unreasonably dangerous. CARNIVAL could have selected a different doorway and/or walkway design but chose not to.

55. **PROXIMATE CAUSE.** CARNIVAL's negligent design, construction and selection of the doorway and threshold and/or walkways located on Deck 12 onboard the *Carnival Celebration* proximately caused RONDONS' injuries. Had CARNIVAL properly designed, constructed and selected the doorway and threshold and/or walkways located on Deck 12 onboard the *Carnival Celebration,* RONDON would never have fallen and been injured on November 12, 2023.

56. **DAMAGES.** As a result of CARNIVAL's negligent design, construction and selection of the subject doorway and the threshold, Plaintiff has and will suffer damages in the past and in the future as described in Paragraph 15 and incorporated herein.

WHEREFORE, the Plaintiff demands Judgment against Carnival for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated this 19th day of January 2024.

Respectfully submitted,

By: *s/ Lisa C. Goodman*
**Lisa C. Goodman, Esq.** (FBN 118698)
lgoodman@hickeylawfirm.com
**John H. Hickey (FBN 305081)**
hickey@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL  33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Counsel for the Plaintiff*